UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK CARNEY, and
SEAN CARNEY

      Petitioners,               CRIMINAL NO.   01-CR-90036
                                        CIVIL ACTION NO. 05-CV-72731
vs.
                                        DISTRICT JUDGE MARIANNE O. BATTANI
                                        MAGISTRATE JUDGE DONALD A. SCHEER
UNITED STATES OF
AMERICA,

      Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioners have shown no violations of their federal constitutional rights from alleged ineffectiveness of trial or appellate counsel.

\*   \*   \*

Petitioners (father and son) filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, on July 12, 2005, challenging the validity of their underlying federal convictions. Patrick Carney was convicted following a jury trial in March 2003, in the United States District Court for the Eastern District of Michigan, of four counts of aiding and abetting false statements in gun transactions in violation of 18 U.S.C. § 2 and § 924(a)(1). He was also convicted of three counts of selling a firearm without recording the purchaser's information in violation of 18 U.S.C. § 922(b)(5). The jury found his son,

Sean Carney, guilty of three counts each of the same two offenses. Patrick Carney was later sentenced to 18 months imprisonment, while Sean Patrick was sentenced to 27 months imprisonment. After sentencing, the Sixth Circuit Court of Appeals affirmed their convictions and sentences in a published opinion dated October 8, 2004. **United States v. Patrick and Sean Carney**, 387 F.3d. 436 (6th Cir. 2004).

In their joint Motion to Vacate, Petitioners raise the following four claims:

1. The trial court improperly applied the sentencing guidelines when enhancing their respective prison terms.

2. The trial court violated their Double Jeopardy rights by trying them for crimes of which they had been previously found not guilty by a jury in November 2002.

3. They were denied the effective assistance of counsel when their joint court appointed attorney:

> (a) failed to challenge the jurisdiction of the district court at the time of retrial and sentencing.
>
> (b) failed to object to the admission of 404(b) evidence at trial.
>
> (c) failed to raise a double jeopardy defense
>
> (d) incorrectly advised them that there were no meritorious grounds to justify requesting a rehearing before the Sixth Circuit, or filing a petition for writ of certiorari to the U.S. Supreme Court.
>
> (e) failed to challenge the government for vindictive prosecution.
>
> (f) failed to move to disqualify government witnesses who received leniency in exchange for testimony.

**2**

> 4. They were denied the effective assistance of appellate counsel for not raising various claims.

Respondent filed an answer to the Motion to Vacate on September 1, 2005, contending that since Petitioners had not raised issue #1 (improper enhancement of sentences) at either sentencing or on direct appeal, they had waived that claim and could not seek habeas relief. Moreover, Respondent asserted that issue #2 (double jeopardy claim) had already been litigated and decided adversely to Petitioners on direct appeal, and that it was within the discretion of the district court to decline to reconsider that argument again in collateral proceedings under 28 U.S.C. § 2255. Respondent further maintained that the overall performance of Petitioners' counsel was within the range demanded of lawyers practicing criminal law, and that they had failed to demonstrate any prejudice resulting from alleged errors by trial or appellate counsel.  Petitioners filed a reply to Respondent's Answer on September 19, 2005, arguing to the contrary.

<u>THE FACTS</u>

The facts upon which the challenged convictions are based can be excerpted from the published opinion of the Sixth Circuit Court of Appeals on October 8, 2004:

> Patrick Carney and Sean Carney, father and son respectively, both federally-licensed firearms dealers, have assailed their correlative jury convictions for multiple counts of (1) aiding and abetting the felonious utterance of knowingly false statements by customers in the defendants' firearms transfer records and (2) the felonious creation or maintenance of willful omissions and/or falsehoods in their firearms transaction records regarding the name, age, and place of residence of firearms purchasers.
>
> During all times pertinent to the subject prosecutions, the Carneys operated "Carney's Hunting and Shooter's Supply," a gun shop

located in Warren, Michigan. Between February 17, 2000, and June 29, 2000, on at least nine distinct occasions, the Carneys sold automatic or semi-automatic handguns and rifles to David Johnson (a/k/a "Tone"), who, as a previously-convicted felon, was a person legally prohibited from purchasing or possessing firearms having an interstate or foreign commercial nexus. However, each sale had ostensibly been made instead to a female companion of Johnson's, which unlawful weapons transfers were aided and abetted by the defendants via their willful acceptance and retention of fraudulent supporting documentation. During the course of his weapons-acquisition scam, Johnson used at least six different women as putative purchasers of firearms from the Carneys. Each of the "straw woman" purchasers had an unblemished criminal record and hence confronted no extraordinary legal restriction(s) on her liberty to purchase and/or possess firearms.

In each evidenced episode, Johnson adhered to an identical modus operandi. Initially, he would drive his selected female co-conspirator to the Detroit Police headquarters to enable her submission of a written application for the required arms permit. Johnson would assist the woman with the completion of that form. After securing the weapons permit in the woman's name, Johnson would transport her to the Carneys' gun store, where he would select one or more firearms for purchase in the absence of any participation by his feminine cohort. Instead, his accomplice would idly pass the time by, for example, playing with the store owners' pets, or smoking cigarettes while standing outside the storefront. After Johnson had selected his desired pieces, he would assist his companion with the completion of the legally-requisite ATF Form 4473.

In each instance, that document falsely identified the woman, over her signature, as the ultimate buyer of the firearm(s). However, Johnson negotiated the purchase price of each firearm; paid, in cash, for each of the weapons purchased; and personally carried each purchased specimen out of the defendants' store.

On November 29, 2001, a federal grand jury returned a thirty-nine count indictment against the Carney defendants, Johnson, and eight women; thirteen of those charges named the Carneys as alleged aiders and abettors in the making of false statements, violative of 18

**4**

U.S.C. § 924(a)(1)(A), by Johnson and his accomplices. The Carneys moved for dismissal of all charges against them, on the rationale that, as licensed firearms traders, they could not be charged under § 924(a)(1)(A), for alleged reasons examined below. The district court denied that motion. See United States v. Johnson, 210 F.Supp.2d 889 (E.D.Mich. 2002). Subsequently, on July 18, 2002, the grand jury issued a superseding indictment which restated the thirteen § 924(a)(1)(A) counts against the Carneys, but which also superinduced six counts which alleged record keeping offenses under 18 U.S.C. § 922(b)(5) against Sean plus four similar counts against Patrick.

Following a jury trial which, on November 4, 2002, resulted in the defense-friendly disposition of ten of the twenty-three counts stated against the Carneys via either "not guilty" verdicts or dismissals of counts by the district court as a

matter of law for the insufficiency of supporting trial evidence, the Carneys proceeded to their second jury trial on the thirteen remaining counts against them (each of which had been the subject of a mistrial ruling in the initial trial forum). On March 6, 2003, the second jury convicted Sean on three counts which had alleged violations of § 924(a)(1)(A), and three additional counts which had stated offenses under § 922(b)(5); and it convicted Patrick on four charges of § 924(a)(1)(A) violations plus four counts undergirded by § 922(b)(5) Ultimately, the trial court sentenced Sean to six concurrent twenty-seven-month terms of imprisonment, and imposed eight concurrent eighteen-month incarceration periods against Patrick. Following release from penal confinement, each defendant shall be supervised for two years.

United States v. Patrick and Sean Carney, **387 F.3d at 442-444.**


CAUSE AND PREJUDICE FOR FAILURE TO RAISE ISSUES ON DIRECT APPEAL

Violations of federal law are cognizable only if they involve a "fundamental defect" causing a "complete miscarriage of justice," or are so egregious that they amount to a violation of due process. Hill v. United States, 368 U.S. 424, 426 (1962).  A  prisoner

**5**

seeking to vacate his sentence pursuant to § 2255, however, may <u>not</u> obtain relief unless he first establishes both "cause" and "prejudice" from his failure to raise the issues on direct appeal. Failure to do so precludes relief under § 2255. <u>United States v. Frady</u>, 456 U.S. 152, 167-169 (1982); <u>Ratliff v. United States</u>, 999 F.2d 1023, 1025 (6th Cir. 1993).

Petitioners contend that their respective sentences were improperly enhanced by six months based on conduct found to be lawful by the jury (issue #1). Petitioners maintain that the trial judge imposed a 6 level enhancement when she only had jurisdiction to impose a 4 level enhancement based upon the finding of the jury. Petitioners, however, did not raise this issue on direct appeal to the Sixth Circuit, and they have failed to show cause or prejudice for not doing so. Petitioners have not stated any reason for not raising these objections later on appeal; thus they has failed to show cause for not raising them in earlier proceedings and they should be dismissed on that ground alone. <u>United States v. Walsh</u>, 733 F.2d 31, 34-35 (6th Cir. 1984).

Petitioners' second claim, that their Double Jeopardy rights had been violated when they were allegedly re-tried for crimes for which they had been found not guilty by a previous jury in November 2002, was raised on direct appeal and decided against them. In rejecting the double jeopardy claim, the Sixth Circuit stated that:

> The Carneys' averment that the admission of the faulted evidence may have exposed them to double jeopardy regarding transactions which had been the subjects of counts of dismissal or acquittal at their initial trial was sheer speculation, as they have offered no proof that any juror was motivated to convict by a desire to punish the defendants for an uncharged transaction.

<u>United States v. Carney</u>, 387 F.3d at 452.

**6**

As Respondent correctly points out, once a legal argument has been litigated and decided adversely to a criminal defendant either at his trial or on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255.  See Kaufman v. United States, 394 U.S. 217, 227, n.8 (1969) (relief could be denied "where the trial or appellate court has had a 'say' on a federal prisoner's claim."); Stephan v. United States, 496 F.2d 527 (6th Cir. 1974) (where an issue raised by defendant in a § 2255 motion has previously been decided on direct appeal, the trial court may decline to consider the claim).  Accord, Moore v. United States, 598 F.2d 439 (5th Cir. 1979); United States v. Woods, 567 F.2d 861 (8th Cir. 1978); United States v. Natelli, 553 F.2d 5 (2d Cir. 1977); Egger v. United States, 509 F.2d 745 (9th Cir. 1975); Konigsberg v. United States, 418 F.2d 1270, 1273 (3d Cir. 1969); Van Buskirk v. United States, 343 F.2d 158 (6th Cir. 1965).  The reasons advanced in support of this rule are the strong policies favoring finality in litigation and the conservation of scarce judicial resources.  There appears to be no sound reason for this Court to reconsider this claim.  Petitioners are simply attempting to resubmit the same issue again in the hope of getting a more favorable ruling.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Typically, ineffective assistance of counsel claims are not cognizable on direct appeal.  United States v. Gonzales, 929 F.2d 213, 215 (6th Cir. 1991); United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir. 1989) ("This court will not review an ineffective assistance of counsel claim raised for the first time on appeal.").  The customary procedure within the Sixth Circuit is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255.  United States v.

Castro, 908 F.2d 85, 89 (6th Cir. 1990) ("Furthermore, although it strongly appears that defendant Rocha was not denied effective assistance of counsel, this court declines to consider the claim of ineffective assistance of counsel for the first time on appeal. The defendant may properly raise this issue in a motion to the district court pursuant to 28 U.S.C. § 2255.").

In order to establish an ineffective assistance of counsel claim, however, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim of inadequate counsel must satisfy both elements of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom. Id. at 697. Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

The Petitioners have not met their burden here, and, upon review, I am persuaded that they have failed to show any serious errors in, or prejudice resulting from, their attorneys' performance at trial or at sentencing. Contrary to Petitioners' assertion that they were denied the effective assistance of counsel when their lawyer failed to challenge the jurisdiction of the district court at the time of their retrial and sentencing (issue #3(a)),

8

the court had, in fact, jurisdiction to preside over the trial and later at sentencing. Pursuant to 18 U.S.C. § 3231, the district courts of the United States have original jurisdiction of all offenses against the laws of the United States. Since Petitioners were charged with violating federal gun control laws, their attorney was not deficient for not bringing a jurisdictional challenge when a second trial was required on the thirteen remaining counts against them (each of which had been the subject of a mistrial ruling in the initial trial forum). Moreover, Petitioners cannot demonstrate that the result would have been different had counsel made such a frivolous claim.

While Petitioners believe that their attorney should have objected to the admission of 404(b) evidence at trial(issue #3(b)), a review of the record indicates that counsel did object to this evidence prior to the re-trial. Mr. Chapman filed a brief and unsuccessfully opposed the introduction of this evidence. (See Defendant's Reply to Government's Motion for the Introduction of Evidence Pursuant to Rule 404(b) of the Federal Rules of Evidence, attached as Exhibit B to Respondent Answer to the Motion to Vacate at Docket #257). Furthermore, Mr. Chapman challenged the trial court's admission of 404(b) evidence on direct appeal. The Sixth Circuit rejected this argument, holding that the "trial adjudicator's judgment that the probative worth of the evidence in controversy substantially outweighed any possible risk of unfair prejudice to the Carneys, when examined under prevailing deferential review standards, was patently sustainable." United States v. Carney, 387 F.3d at 451.

Petitioners also claim that their attorney was ineffective because he failed to challenge the admission of the 404(b) evidence on double jeopardy grounds (issue #3(c)). As pointed out previously, Mr. Chapman did raise this issue at trial and again on direct

**9**

appeal.  The appellate court, relying on the Supreme Court's decision in <u>Dowling v. United States</u>, 493 U.S. 342, 358 (1990) rejected counsel's argument, holding that "evidence of an act which had been the subject of a count of acquittal in a prior criminal trial is admissible in a subsequent prosecution as Rule 404(b) evidence if, as in the case sub judice, that evidence passes the Dowling factual reliability test." <u>United States v. Carney</u>, 387 F.3d at 452.

Petitioners blame counsel for not seeking a rehearing *en banc* before the Sixth Circuit, and for not seeking a writ of certiorari to the U.S. Supreme Court (issue 3(d)). It is well settled that a criminal defendant does not have a constitutional right to counsel in order to pursue discretionary state appeals or applications for review before the Supreme Court. <u>Wainwright v. Torna</u>, 455 U.S. 586, 587 (1982)(citing <u>Ross v. Moffitt</u>, 417 U.S. 600 (1974).  When a defendant does not have a constitutional right to counsel, he cannot be deprived of the effective assistance of counsel.  <u>Wainwright</u>, 455 U.S. at 587-588. Since an *en banc* rehearing before the Sixth Circuit and the granting of a petition for a writ to the United States Supreme Court are both discretionary reviews, Petitioners cannot complain of ineffective assistance of counsel regardless of his advice to them.

In order to support a claim of vindictive prosecution,  there must be (1) an exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonable prosecutorial conduct; and (4) an intent to punish the defendant for exercising that protected right.  <u>United States v. Suarez</u>, 263 F.3d 468, 479 (6th Cir. 2001). While Petitioners attack the motives of ATF agents and other governmental officials in investigating their business practices for illegal activity (issue #3(e)), they do not claim they

**10**

exercised a protected right or that the prosecutor acted unreasonably.[1]  Petitioners' claim of vindictive prosecution should therefore be rejected as being without merit.

Finally, counsel for Petitioners was not ineffective for failing to move to disqualify witnesses who received sentence reductions in exchange for their testimony (issue #3(f)). In United States v. Ware, 161 F.3d 414 (6th Cir. 1998), the Sixth Circuit held that federal law does not prohibit the government from providing leniency to cooperating defendants in exchange for their truthful testimony. Since Petitioners' counsel correctly recognized the legitimacy of the plea bargaining process, counsel cannot be said to have been deficient for not attempting to exclude the testimony of these government's witnesses based on their receipt of leniency.

INEFFECTIVENESS OF APPELLATE COUNSEL

Petitioners argue that their appellate counsel should have appealed the denial of their motion for a downward departure at sentencing.  They maintain that appellate counsel should also have appealed the enhancement of their sentence based on the allegedly incorrect number of weapons sold to "straw" purchasers.

The Constitution guarantees an indigent defendant the effective assistance of counsel on a first appeal as of right.  Evitts v. Lucey, 469 U.S. 387 (1985).  While the accused has the ultimate authority to make certain fundamental decisions regarding his case, including the decision whether to take an appeal or act as his own advocate, appointed counsel on the appeal as of right does not have a constitutional duty to raise every nonfrivolous issue requested by defendant.  Jones v. Barnes, 463 U.S. 745 (1983).

---

[1]In Bordenkircher v. Hayes, 434 U.S 357, 364 (1978) the Supreme court stated that "so long as the prosecutor has probable cause to believe that the accused committed an offense, defined by statute, the decision whether or not to prosecute, and what charge to file or bring before the grand jury, generally rests entirely in his discretion."

**11**

As appellate counsel probably knew, the denial of a downward departure from the sentencing guidelines is reviewable on appeal only if the district court erroneously believed it lacked legal authority to grant the relief. <u>United States v. Strickland</u>, 144 F.3d 412, 418 (6th Cir. 1998) (citing <u>United States v. Ebolum</u>, 72 F.3d 35, 37 (6th Cir. 1995)). Moreover, appellate counsel was surely aware of the Supreme Court's decision in <u>United States v. LaBonte</u>, 520 U.S. 751 (1997), holding that the statutory phrase "maximum term authorized" means the maximum prison term available for the offense of conviction including any applicable statutory sentencing enhancements. As a result, there was no legal basis for appellate counsel to seek relief concerning the length of Petitioners' sentence.

For all the foregoing reasons, the undersigned recommends that the Motion to Vacate, Set Aside, or Correct Sentence be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Battani's acceptance thereof is waived.

                                                        s/Donald A. Scheer
                                                        DONALD A. SCHEER
                                                        UNITED STATES MAGISTRATE JUDGE

DATED: December 6, 2005

_____

**CERTIFICATE OF SERVICE**

I hereby certify on December 6, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 6, 2005: **Patrick Carney, Sean Carney.**

                                                        s/Michael E. Lang
                                                        Deputy Clerk to
                                                        Magistrate Judge Donald A. Scheer
                                                        (313) 234-5217