UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK CARNEY, and SEAN CARNEY,

        Petitioners,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

CRIMINAL CASE NO. 01-90036
CIVIL CASE NO. 05-72731
HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PETITIONERS'
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is Petitioners' Objections to Magistrate Judge Donald A. Scheer's Report and Recommendation ("R&R"), in which he recommends that the Court deny Petitioners' Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 268). Because Petitioners have shown no violations of their federal constitutional rights, the Court ADOPTS the Report and Recommendation and DENIES their motion.

**I. INTRODUCTION**

Petitioners filed a Motion to Vacate, Set Aside, or Correct Sentences under 28 U.S.C. § 2255, challenging the validity of their federal convictions. They subsequently filed a Motion for an Expedited Hearing (Doc. # 269). Petitioners' convictions arose out of their numerous sales of handguns and rifles to a convicted felon, who purchased the guns in the names of straw purchasers he brought to Petitioner's gun store. A jury convicted Patrick Carney of four counts of aiding and abetting false statements in gun transactions in violation of 18 U.S.C. § 2 and § 924(a)(1) and three counts of selling a

firearm without recording the purchaser's information in violation of 18 U.S.C. § 922(b)(5). The jury convicted Sean Carney of three counts each of the same two offenses. The Court sentenced Patrick Carney to 18 months imprisonment and Sean Carney to 27 months imprisonment.

Petitioners unsuccessfully appealed their convictions and sentences. See United States v. Patrick and Sean Carney, 387 F.3d. 436 (6th Cir. 2004). They subsequently filed their motion to vacate, which the Court referred to the Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Scheer recommended the motion be denied because Petitioners failed to show a violation of their federal constitutional rights from alleged ineffective assistance of trial or appellate counsel.

In their objections to the R&R, Petitioners argue the Court lacked jurisdiction to sentence them; that they were subjected to double jeopardy; and that they received ineffective assistance of counsel at sentencing and on appeal. According to Petitioners, counsel's ineffectiveness is reflected by his failure to challenge the court's jurisdiction; failure to object to the admission of 404(b) evidence; failure to raise the double jeopardy defense; failure to challenge the government for vindictive prosecution; and failure to move to disqualify government witnesses who received leniency in exchange for testimony; and failure to challenge the courts jurisdiction to sentence them.

## II. FACTUAL BACKGROUND

The Report and Recommendation incorporated the facts as articulated in the direct appeal resolved in United States v. Patrick and Sean Carney, 387 F.3d at 442-444 (6th Cir. 2004). This Court likewise incorporates those facts.

Patrick Carney ("Patrick") and Sean Carney ("Sean"), father and son respectively (collectively "the Carneys" or "the defendants"), both federally-licensed firearms dealers, have assailed their correlative jury convictions for multiple counts of (1) aiding and abetting the felonious utterance of knowingly false statements by customers in the defendants' firearms transfer records and (2) the felonious creation or maintenance of willful omissions and/or falsehoods in their firearms transaction records regarding the name, age, and place of residence of firearms purchasers.

During all times pertinent to the subject prosecutions, the Carneys operated "Carney's Hunting and Shooter's Supply," a gun shop located in Warren, Michigan. Between February 17, 2000, and June 29, 2000, on at least nine distinct occasions, the Carneys sold automatic or semi-automatic handguns and rifles to David Johnson (a/k/a "Tone") ("Johnson"), who, as a previously-convicted felon, was a person legally prohibited from purchasing or possessing firearms having an interstate or foreign commercial nexus. [ ] However, each sale had ostensibly been made instead to a female companion of Johnson's, which unlawful weapons transfers were aided and abetted by the defendants via their willful acceptance and retention of fraudulent supporting documentation. During the course of his weapons-acquisition scam, Johnson used at least six different women as putative purchasers of firearms from the Carneys. Each of the "straw woman" purchasers had an unblemished criminal record and hence confronted no extraordinary legal restriction(s) on her liberty to purchase and/or possess firearms.

In each evidenced episode, Johnson adhered to an identical *modus operandi*. Initially, he would drive his selected female co-conspirator to the Detroit Police headquarters to enable her submission of a written application for the required arms permit. Johnson would assist the woman with the completion of that form. After securing the weapons permit in the woman's name, Johnson would transport her to the Carneys' gun store, where he would select one or more firearms for purchase in the absence of any participation by his feminine cohort. Instead, his accomplice would idly pass the time by, for example, playing with the store owners' pets, or smoking cigarettes while standing outside the storefront. After Johnson had selected his desired pieces, he would assist his companion with the completion of the legally-requisite ATF

3

Form 4473. In each instance, that document falsely identified the woman, over her signature, as the ultimate buyer of the firearm(s). However, Johnson negotiated the purchase price of each firearm; paid, in cash, for each of the weapons purchased; and personally carried each purchased specimen out of the defendants' store.

On November 29, 2001, a federal grand jury returned a thirty-nine count indictment against the Carney defendants, Johnson, and eight women; thirteen of those charges named the Carneys as alleged aiders and abettors in the making of false statements, violative of 18 U.S.C. § 924(a)(1)(A), by Johnson and his accomplices. The Carneys moved for dismissal of all charges against them, on the rationale that, as licensed firearms traders, they could not be charged under § 924(a)(1)(A), for alleged reasons examined below. The district court denied that motion. See United States v. Johnson, 210 F.Supp.2d 889 (E.D.Mich. 2002). Subsequently, on July 18, 2002, the grand jury issued a superseding indictment which restated the thirteen § 924(a)(1)(A) counts against the Carneys, but which also superinduced six counts which alleged record keeping offenses under 18 U.S.C. § 922(b)(5) against Sean plus four similar counts against Patrick.

Following a jury trial which, on November 4, 2002, resulted in the defense-friendly disposition of ten of the twenty-three counts stated against the Carneys via either "not guilty" verdicts or dismissals of counts by the district court as a matter of law for the insufficiency of supporting trial evidence, the Carneys proceeded to their second jury trial on the thirteen remaining counts against them (each of which had been the subject of a mistrial ruling in the initial trial forum). On March 6, 2003, the second jury convicted Sean on three counts which had alleged violations of § 924(a)(1)(A), and three additional counts which had stated offenses under § 922(b)(5); and it convicted Patrick on four charges of § 924(a)(1)(A) violations plus four counts undergirded by § 922(b)(5).  Ultimately, the trial court sentenced Sean to six concurrent twenty-seven-month terms of imprisonment, and imposed eight concurrent eighteen-month incarceration periods against Patrick.  Following release from penal confinement, each defendant shall be supervised for two years.

Id.

## II.   STANDARD OF REVIEW

A federal prisoner may file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution.  To prevail on a motion alleging constitutional error, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings.  Brecht v. Abrahamson, 507 U.S. 619, 653-38 (1993); Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003).  To prevail on a motion alleging non-constitutional error, the movant must demonstrate a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

In resolving the merits of Petitioners' objections, the Court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objections have been made.  28 U.S.C. § 636 (b)(1).

## III.   ANALYSIS

In Hill v. United States, 368 U.S. 424, 426 (1962), the Supreme Court noted that violations of federal law are cognizable only if they involve a "fundamental defect" causing a "complete miscarriage of justice," or are so egregious that they amount to a violation of due process.  Petitioners cannot obtain relief absent a showing of both "cause" and "prejudice" from their failure to raise the issues on direct appeal.

United States v. Frady, 456 U.S. 152, 167-169 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993).

Although Petitioners believe a different standard applies because they did not plead guilty but went to trial, no such distinction exists. As noted by the Supreme Court in Frady, 456 U.S. at 168 (reviewing a conviction rendered following a jury trial), the proper standard for review of [the] motion is the "cause and actual prejudice" standard enunciated in Davis v. United States, 411 U.S. 233 (1973), and later confirmed and extended in Francis v. Henderson, 425 U.S. 536 (1976), and Wainwright v. Sykes, 433 U.S. 72 (1977). "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains." Frady, 456 U.S. at 168.

In the Report and Recommendation, the Magistrate Judge concluded that Petitioners' claim that their sentence was enhanced improperly is precluded under Frady. This Court agrees. Moreover, this Court is not persuaded by Petitioners' attempt to recast their argument as a challenge to the Court jurisdiction. Petitioners maintain that the trial judge imposed a 6 level enhancement when she only had jurisdiction to impose a 4 level enhancement based upon the finding of the jury. Regardless of how Petitioners frame their argument, they did not raise this issue on direct appeal to the Sixth Circuit, and they have failed to show cause or prejudice for not doing so. Accordingly, this claim is dismissed on that ground alone. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984).

Petitioners next object to the treatment of their double jeopardy claim. According

6

to Petitioners, they were tried a second time on crimes for which they had been acquitted.

The Sixth Circuit rejected Petitioner's claim that their Double Jeopardy rights had been violated. United States v. Carney, 387 F.3d at 452 (noting that "Carneys' averment that the admission of the faulted evidence may have exposed them to double jeopardy regarding transactions which had been the subjects of counts of dismissal or acquittal at their initial trial was sheer speculation, as they have offered no proof that any juror was motivated to convict by a desire to punish the defendants for an uncharged transaction"). Because this argument has been litigated and decided on direct appeal, the Court, in its discretion, declines to reconsider. See Kaufman v. United States, 394 U.S. 217, 227, n.8 (1969) (noting that "where the trial or appellate court has had a 'say' on a federal prisoner's claim," relief could be denied); Stephan v. United States, 496 F.2d 527 (6th Cir. 1974) (noting that the trial court could decline to consider an issue raised in a § 2255 motion that had previously been decided on direct appeal). Accordingly, the Court directs its attention to the arguments raised by Petitioners in support of their contention that they received ineffective assistance of counsel.

When seeking to vacate or set aside a sentence based on ineffective assistance of counsel, the petitioner carries a heavy burden. The Supreme Court has held:

> First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). The Court added:

> Judicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy.

Id., at 689 (quoting Michel v. Louisiana, 350 U.S. 91 at 101 (1955)).

The Court agrees with the Magistrate Judge's assessment that Petitioners have not met their burden: they have failed to show any serious errors undermining their trial or sentencing, or that but for those errors, they would have been acquitted or received lessor sentences.

Petitioners first argue that they received ineffective assistance because counsel did not challenge the admission of the 404(b) evidence on double jeopardy grounds. As the Court noted previously, the Sixth Circuit rejected this argument, holding that "evidence of an act which had been the subject of a count of acquittal in a prior criminal trial is admissible in a subsequent prosecution as Rule 404(b) evidence if, as in the case sub judice, that evidence passes the Dowling [v. United States, 493 U.S. 342, 358 (1990)] factual reliability test." United States v. Carney, 387 F.3d at 452. The acts were probative of Carneys' knowledge and intent and were similar in kind and close in time to the crimes charged. See Fed.R.Evid. 404(b); United States v. Franklin, 250 F.3d 653, 658 (8th Cir.2001). Accordingly, the Court finds no basis to grant Petitioners' relief on this ground.

Next, Petitioners reargue the facts they believe support their claim of malicious prosecution. According to Petitioners, Patrick informed Johnson that he was not welcome in the store and that an investigation was ongoing. After the investigative

8

agents learned what Patrick had done, they became "angry beyond words," and the focus of the investigation shifted. Petitioners' Brief at 21.

Petitioners fail to advance any authority to challenge the elements of the claim as articulated in the R&R. Specifically, to support a claim of vindictive prosecution, Petitioners have the burden to show (1) an exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonable prosecutorial conduct; and (4) an intent to punish the defendant for exercising that protected right. United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001). Although Petitioners have advanced facts suggesting malice on the part of the investigative agents from the Bureau of Alcohol Tobacco and Firearms, Petitioners do not claim they exercised a protected right. Consequently, Petitioners' claim that the assistant United States attorney, in consort with the investigative agents, prosecuted them for notifying Johnson of the investigation, simply does not satisfy their burden to show counsel's failure to raise this challenge constitutes ineffective assistance.

Finally, Petitioners argue that counsel's performance fell short because he never moved to disqualify witnesses who received sentence reductions in exchange for their testimony. As noted in the R&R, "In United States v. Ware, 161 F.3d 414 (6th Cir. 1998), the Sixth Circuit held that federal law does not prohibit the government from providing leniency to cooperating defendants in exchange for their truthful testimony." R&R at 11. Given the sanctioned legitimacy of the plea bargaining process, counsel cannot be said to have been deficient for not attempting to exclude the testimony of these government's witnesses based on their receipt of leniency.

In an attempt to circumvent Ware, Petitioners assert that the witnesses, who

9

accepted something of value for the testimony, are not protected by Ware. Petitioners further assert that had counsel objected to the testimony of these witnesses, the Court would have been forced to participate in the commission of a felony if it allowed the witnesses to testify.

These arguments are meritless; thus, Petitioners' counsel cannot be held ineffective for failing to raise the claim. It is beyond dispute that the "government may give a witness a reduced charge, a recommendation for leniency, a payment, or any other thing of value in exchange for testimony in a criminal prosecution that is favorable to the government without violating the statute." United States v. Ware, 161 F.3d 414, 418-19 (6th Cir.1998) (holding that § 201(c)(3) does not apply to the government). The statute simply does not apply to court sanctioned plea bargains, Johnson v. United States. 307 F.Supp.2d 380 (D. Conn 2003); Furnish v. United States, 215 F.Supp.2d 1020, (E.D.Mo. 200), aff'd, 252 F.3d 950, cert. denied, 534 U.S. 1031), or the participants in such bargains. Consequently, the recipient of a recommendation of leniency cannot be held liable under the statute.

Petitioners' final argument is that appellate counsel committed a serious error because he failed to challenge the trial court's subject matter jurisdiction when the court sentenced them for conduct for which they had been acquitted. Petitioners request relief in the form of resentencing them "to a term which does not exceed the appropriate term for the weapons alleged to have been sold to the lying straw-purchasers/Johnson." Objections at 12. Petitioners mistakenly believe that their claim is miscast in the R&R.

The Magistrate Judge's analysis of this argument as one attacking appellate counsel's failure to raise the denial of a downward departure is proper. The case law

relied upon by Petitioners' does not support their position on the issue of jurisdiction. Moreover, authority from this circuit demonstrates that their claim fails on the merits. Only when a sentencing court erroneously believes it lacks authority to grant the relief is a denial of a downward departure reviewable. United States v. Strickland, 144 F.3d 412, 418 (6th Cir. 1998). Accordingly, appellate counsel's performance was not deficient.

### IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioners' Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

    s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: March 2, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Patrick Carney, Sean Carney and Michael Bullotta on this date by ordinary mail and electronic filing.

    s/Bernadette M. Thebolt
    _____
    DEPUTY CLERK